Scott P. Shaw, Bar No. 223592
 sshaw@calljensen.com
Samuel G. Brooks, Bar No. 272107
 sbrooks@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Plaintiff ILC TRADEMARK CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILC TRADEMARK CORPORATION, a British Virgin Islands corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AVIATOR NATION, INC., a California Corporation, and PAIGE MYCOSKIE, an individual,<br><br>Defendants. | Case No.  2:17-cv-07975-MWF(JPRx)<br><br>**PLAINTIFF ILC TRADEMARK CORPORATION'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Date:   April 8, 2019<br>Time:  11:00 AM<br>Place: Courtroom 5A |
| AVIATOR NATION, INC., a California Corporation<br><br>Counter-Claimant<br><br>vs.<br><br>ILC TRADEMARK CORPORATION, a British Virgin Islands corporation, and ROES 1-10, Inclusive,<br><br>Counter-Defendant | Complaint Filed:   October 31, 2017<br>Trial Date:   April 23, 2019 |

CALL & JENSEN

LIF02-03:2440220_1:3-18-19

Pursuant to this Court's Order and Local Rule 16-4, Plaintiff/Counter-Defendant ILC Trademark Corporation submits this Memorandum of Contentions of Fact and Law.

## I.    CLAIMS AND DEFENSES [L.R. 16-4.1]

### A.    Claims pleaded by Plaintiff

Plaintiff ILC Trademark Corporation has pleaded the following claims:

Claim 1: Defendants are liable for infringement of a trademark under the Lanham Act (15 U.S.C. §§ 1114, 1125);

Claim 2: Defendants are liable for unfair competition and trademark infringement under California law.

### B.    Elements Required to Establish Plaintiff's Claims

#### 1.    Elements required to establish Plaintiff's claim for trademark infringement (Lanham Act)

To prevail on its claim for trademark infringement/counterfeiting, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The lightning bolt symbol at issue in this case (hereinafter, the "Bolt Mark") is a valid, protectable trademark;
2. Plaintiff owns the Bolt Mark as a trademark; and
3. Defendants used the Bolt Mark (or a symbol similar to the Bolt Mark) without Plaintiff's consent in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

[Ninth Circuit Manual of Model Civil Jury Instructions 15.6]

#### 2.    Elements required to establish Plaintiff's claim for unfair competition/trademark infringement (California law)

The elements of a claim for unfair competition/trademark infringement under California law are the same as the elements for the parallel claim under the Lanham Act. *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994) ("This Circuit has

1   consistently held that state common law claims of unfair competition and actions
2   pursuant to California Business and Professions Code § 17200 are 'substantially
3   congruent' to claims made under the Lanham Act.").

4   **C.   Key Evidence in Support of Plaintiff's Claims**

5   Because the elements of both of Plaintiff's claims is the same, the evidence in
6   support of those claims is also the same. The key evidence supporting Plaintiff's claims
7   is set forth below. In addition to summarizing the evidence to be offered in support of
8   the necessary elements, this memorandum also summarizes evidence to be offered in
9   support of a finding that Defendants' infringement was willful, and evidence in support
10  of the remedies Defendants will seek:

11  **1.   Issue: the Bolt Mark is a valid, protectable trademark**

12  Plaintiff will offer the following evidence to support its contentions on this issue:

13      1. Testimony
14          a. Robert Mignogna
15          b. Paul Epner
16          c. YK Lee
17          d. Paige Mycoskie
18      2. Exhibits
19          a. Registration certificate
20          b. Documentary evidence of historical use as a trademark (ads,
21             editorials, participation in trade shows, products, etc.)
22          c. Written statement by Paige Mycoskie that Aviator Nation products
23             are inspired by Lightning Bolt

24  **2.   Issue: Plaintiff owns the Bolt Mark as a trademark**

25  Plaintiff will offer the following evidence to support its contentions on this issue:

26      1. Testimony
27          a. Robert Mignogna
28          b. Paul Epner



   c. YK Lee

 2. Exhibits

   a. Assignment history

   b. Registration certificate

   c. Examples of authentic licensed products sold in the U.S.

  **3. Issue: Defendants used the Bolt Mark (or a symbol similar to the Bolt Mark) without Plaintiff's consent in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.**

Plaintiff will offer the following evidence to support its contentions on this issue:

 1. Testimony

   a. Robert Mignogna

   b. Junior Jenks

   c. Paige Mycoskie

   d. Michael Colucci

   e. Lorraine Willis

   f. Kevin Harter (deposition)

   g. Lindsay Shryer

   h. Various Aviator Nation store employees

 2. Exhibits

   a. Aviator Nation line sheets

   b. Photos of Aviator Nation stores

   c. News articles

   d. Excerpts from magazines

   e. Aviator Nation website

   f. Hatch showroom website

   g. Examples of authentic Lightning Bolt products

   h. Examples of Aviator Nation products

**4.** **Issue: Defendants' infringement was willful**

Plaintiff will offer the following evidence to support its contentions on this issue:

1. Testimony

    a. Paige Mycoskie

2. Exhibits

    a. Email communications

    b. Aviator Nation line sheets

    c. Photos of Aviator Nation stores

    d. News articles

    e. Excerpts from magazines

    f. Aviator Nation website

    g. Hatch showroom website

    h. Examples of authentic Lightning Bolt products

    i. Examples of Aviator Nation products

**5.** **Issue: Defendants are guilty of oppression, fraud, or malice in the commission of the infringements**

Plaintiff will offer the following evidence to support its contentions on this issue:

1. Testimony

    a. Paige Mycoskie

    b. Lindsay Shryer

    c. Various Aviator Nation store employees

2. Exhibits

    a. Email communications

    b. Aviator Nation line sheets

    c. Photos of Aviator Nation stores

    d. News articles

    e. Excerpts from magazines

    f. Aviator Nation website

g.  Hatch showroom website

h.  Examples of authentic Lightning Bolt products

i.  Examples of Aviator Nation products

**6.    Issue: Defendants' infringement caused Plaintiff damage, and continued infringement by Defendants is causing Plaintiff irreparable harm**

Plaintiff will offer the following evidence to support its contentions on this issue:

1. Testimony

   a.  YK Lee

**7.    Issue: Defendants profited from the infringement**

Plaintiff will offer the following evidence to support its contentions on this issue:

1. Testimony

   a.  Paige Mycoskie

2. Exhibits

   a.  Aviator Nation financial records

**8.    Issue: Legal remedies are inadequate to compensate Plaintiff for injuries caused by Defendants' infringement**

Plaintiff will offer the following evidence to support its contentions on this issue:

1. Testimony

   a.  YK Lee

**9.    Issue: The balance of hardships weighs in favor of equitable remedies**

Plaintiff will offer the following evidence to support its contentions on this issue:

1. Testimony

   a.  YK Lee

**10.    Issue: The public interest favors a permanent injunction**

Plaintiff will offer the following evidence to support its contentions on this issue:

1. Testimony

   a.  Robert Mignogna

   b.  Junior Jenks

   c.  Paige Mycoskie

   d.  Michael Colucci

   e.  Lorraine Willis

   f.  Kevin Harter (deposition)

2. Exhibits

   a.  Aviator Nation line sheets

   b.  Photos of Aviator Nation stores

   c.  News articles

   d.  Excerpts from magazines

   e.  Aviator Nation website

   f.  Hatch showroom website

   g.  Examples of authentic Lightning Bolt products

   h.  Examples of Aviator Nation products

**D.    Counterclaims and Affirmative Defenses Pleaded by Defendants**

Defendants have pleaded and indicated they intend to pursue the following affirmative defenses:

Affirmative defense: Invalidity of Trademark Registration (registration obtained by fraud)

Affirmative defense: Invalidity of Trademark (merely ornamental/not distinctive)

Affirmative defense: Invalidity of Trademark (abandonment)

Affirmative defense: Fair Use

Affirmative defense: Priority of Use

Affirmative defense: Laches

Affirmative defense: Unclean hands/trademark misuse

**E.     Elements Required to Establish Defendants' Counterclaims and Affirmative Defenses**

> **1.     Elements required to establish affirmative defense/counterclaim of invalidity of trademark registration (registration obtained by fraud)**

To establish their affirmative defense and counterclaim that the trademark registration is invalid because it was procured by fraud on the USPTO, Defendants must prove the following elements:

> 1. The person signing an application for registration made a false representation regarding a material fact;
>
> 2. The person making the representation knew the representation was false;
>
> 3. The person making the representation intended to deceive the USPTO;
>
> 4. The USPTO reasonably relied on the misrepresentation; and
>
> 5. Damage proximately resulted from such reliance.

*See Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir. 1990). The elements of fraud must be proved by clear and convincing evidence. *OTR Wheel Engineering, Inc. v. West Worldwide Svcs, Inc.*, 897 F.3d 1008, 1020 (9th Cir. 2018).

> **2.     Elements required to establish affirmative defense/counterclaim of invalidity of trademark (merely ornamental/not distinctive)**

To establish their affirmative defense and counterclaim that the trademark is invalid because it is not distinctive (e.g., because it is merely ornamental, or because it is not inherently distinctive and lacks secondary meaning), Defendants must prove the following elements:

> 1. The use of the mark was in a manner that was merely ornamental, and not as a trademark; or
>
> 2. The mark is not inherently distinctive, and has not acquired secondary meaning.

**3.      Elements required to establish affirmative defense/counterclaim of invalidity of trademark (abandonment)**

To establish their affirmative defense and counterclaim that the trademark is invalid because it has been abandoned, Defendants must prove that "use [of the mark] has been discontinued with intent not to resume such use." 15 U.S.C. § 1127. Abandonment must be "strictly proved." *Prudential Ins. Co. v. America v. Gibraltar Fin. Corp. of Cal.*, 694 F.2d 1150, 1156 (9th Cir. 1982). This means it must be proved by clear and convincing evidence. *Grocery Outlet Inc. v. Albertson's Inc.*, 497 F.3d 949, 952 (9th Cir. 2007) (Wallace, S.C.J., concurring); *see also* 3 McCarthy on Trademarks and Unfair Competition § 17:12 (5th ed.) ("The majority of courts have interpreted the "strictly proved" rule to mean that evidence of the elements of abandonment must be clear and convincing."); *but see Grocery Outlet Inc.*, 497 F.3d at 953-54 (McKeown, C.J., concurring) (arguing that "strict proof" and "high burden" do not require more than preponderance of evidence).

**4.      Elements required to establish affirmative defense of fair use**

To establish their affirmative defense of fair use, Defendants must prove the following elements:

1. They used the mark otherwise than as a mark; and
2. The use was descriptive of and used fairly and in good faith only to describe Aviator Nation's goods or services.

15 U.S.C. § 1115(b)(4).

**5.      Elements required to establish affirmative defense of priority of use**

To establish their affirmative defense of priority of use, Defendants must prove they used the mark as a trademark before Plaintiff used the mark as a trademark. *Hana Fin., Inc. v. Hana Bank*, 135 S. Ct. 907, 909, 190 L. Ed. 2d 800 (2015) ("Rights in a trademark are determined by the date of the mark's first use in commerce. The party who first uses a mark in commerce is said to have priority over other users.).

CALL &
JENSEN

**6.     Elements required to establish affirmative defense of laches**

To establish their affirmative defense of laches, Defendants must prove:

    1.  Plaintiff unreasonably delayed in bringing suit; and

    2.  Defendants were prejudiced by the delay.

*Internet Specialties W., Inc. v. Milon-DiGiorgio Enterprises, Inc.*, 559 F.3d 985, 990 (9th Cir. 2009). Laches is not a legal defense to liability for trademark infringement, but if established it may limit the equitable remedies available. However, laches does not apply in cases of willful infringement. *DC Comics v. Towle*, 802 F.3d 1012, 1026 (9th Cir. 2015).

**7.     Elements required to establish affirmative defense of trademark misuse/unclean hands**

To establish their affirmative defense of trademark misuse/unclean hands, Defendants must prove:

    1.  Plaintiff engaged in inequitable conduct; and

    2.  The inequitable conduct relates to the subject matter of Plaintiff's claims.

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987). The defense must be proved by clear and convincing evidence. *TrafficSchool.com, Inc. v. Edriver, Inc.*, 653 F.3d 820, 833 (9th Cir. 2011).

**F.     Key Evidence in Opposition to Defendants' Counterclaims and Affirmative Defenses**

**1.     Key evidence in opposition to affirmative defense/counterclaim of invalidity of trademark registration (registration obtained by fraud)**

Plaintiff does not believe any evidence is required to oppose this affirmative defense/counterclaim, as Defendants have not disclosed evidence sufficient to satisfy the high burden of proof (clear and convincing evidence) to establish the elements of this defense/counterclaim. Nevertheless, the following evidence will rebut Defendants' allegations:

1.  Testimony

    a.  YK Lee

**2.  Key evidence in opposition to affirmative defense/counterclaim of invalidity of trademark (merely ornamental/not distinctive)**

Plaintiff will offer at least the following evidence in opposition to Defendant's claim that the mark is not distinctive and/or merely ornamental:

1.  Testimony

    a.  Robert Mignogna

    b.  Paul Epner

    c.  YK Lee

    d.  Paige Mycoskie

    e.  Junior Jenks

2.  Exhibits

    a.  Registration certificates and related USPTO documents

    b.  Documentary evidence of historical use as a trademark (ads, editorials, participation in trade shows, products, etc.)

**3.  Key evidence in opposition to affirmative defense/counterclaim of invalidity of trademark (abandonment)**

Plaintiff does not believe any evidence is necessary to oppose this affirmative defense/counterclaim, as Defendants have not disclosed evidence sufficient to satisfy the high burden of proof (clear and convincing evidence) to establish the elements of this defense/counterclaim. Nevertheless, the following evidence will rebut Defendants' allegations:

2.  Testimony

    a.  Paul Epner

    b.  YK Lee

3.  Exhibits

    a.  Registration certificates and related USPTO documents

b. License agreement

**4.    Key evidence in opposition to affirmative defense of fair use**

Plaintiff will offer at least the following evidence to rebut Defendants' allegations of fair use:

1. Testimony

a. Robert Mignogna

b. Junior Jenks

c. Paige Mycoskie

d. YK Lee

e. Lindsay Shryer

f. Various Aviator Nation store employees

2. Exhibits

a. Aviator Nation line sheets

b. Photos of Aviator Nation stores

c. News articles

d. Excerpts from magazines

e. Aviator Nation website

f. Hatch showroom website

g. Examples of authentic Lightning Bolt products

h. Examples of Aviator Nation products

**5.    Key evidence in opposition to affirmative defense of priority of use**

Plaintiff will offer at least the following evidence to rebut Defendants' allegations of priority of use:

1. Testimony

a. Robert Mignogna

b. Junior Jenks

c. Paul Epner

   d. Paige Mycoskie

  2. Exhibits

    a. Registration Certificates and related USPTO documents

    b. Documentary evidence of historical use of Lightning Bolt trademarks

    c. Aviator Nation line sheets

### 6. Key evidence in opposition to affirmative defense of laches

Plaintiff will offer at least the following evidence to rebut Defendants' allegations of laches:

  1. Testimony

    a. Paige Mycoskie

  2. Exhibits

    a. Email communications

    b. Aviator Nation line sheets

    c. Photos of Aviator Nation stores

    d. News articles

    e. Excerpts from magazines

    f. Aviator Nation website

    g. Hatch showroom website

    h. Examples of authentic Lightning Bolt products

    i. Examples of Aviator Nation products

### 7. Key evidence in opposition to affirmative defense of trademark misuse/unclean hands

Plaintiff does not believe any evidence is necessary to oppose this affirmative defense/counterclaim, as Defendants have not disclosed evidence sufficient to satisfy the high burden of proof (clear and convincing evidence) to establish the elements of this defense/counterclaim. Nevertheless, the following evidence will rebut Defendants' allegations:

1. Testimony
   a. Paul Epner
   b. YK Lee
2. Exhibits
   a. Registration certificates and related USPTO documents
   b. License agreement

**G.    [RESERVED]**


**H.    Anticipated Evidentiary Issues**

Plaintiff anticipates the following evidentiary issues, and sets forth its position on each issue below.

**1.    Allegations that Plaintiff's counsel manufactured evidence**

Plaintiff anticipates Defendant's counsel will attempt to introduce evidence and argument implying that Plaintiff's counsel attempted to manufacture evidence of actual confusion, or otherwise acted improperly. Plaintiff has filed a motion in limine on this issue.

**2.    Evidence of the lack of consumer recognition of ILC Trademark Corporation as the owner of the Lightning Bolt brand and trademarks**

Plaintiff's counsel believes Defendant intends to offer evidence and/or argument that consumers do not know that the Lightning Bolt brand and trademarks are actually owned by ILC Trademark Corporation. However, such evidence and argument are irrelevant, and would serve only to cause prejudice or confuse the jury. Plaintiff has filed a motion in limine to exclude such evidence or argument.

**3.    Evidence of the parties' pleadings**

Plaintiff's counsel believes Defendant intends to offer a copy of the complaint as an exhibit in the case. However, the allegations a plaintiff makes at the beginning of a

1  case are not evidence, and have no relevance at trial. Plaintiff has filed a motion in

2  limine on this issue.

### 4.    Purported expert testimony of Joseph Farrell

4  Plaintiff's counsel believes Defendant intends to offer Joseph Farrell as an expert

5  witness. However, the written report disclosed by Defendant contains no opinions that

6  are the subject of actual expert opinion. Plaintiff has filed a motion in limine on this

7  issue.

### 5.    Purported expert testimony of Lawrence Maxham

9  Plaintiff's counsel believes Defendant intends to offer Lawrence Maxham as an

10  expert witness. According to his written report, Mr. Maxham intends to provide a

11  tutorial regarding USPTO registration procedures, and to offer opinions regarding

12  whether Plaintiff's registrations were obtained by fraud, whether Plaintiff abandoned its

13  trademarks, and whether Plaintiff is guilty of laches. Plaintiff does not object to Mr.

14  Maxham providing a tutorial, as that testimony could assist the jury in understanding

15  evidence consisting of registration documents. However, his purported opinions

16  regarding fraud, abandonment, and laches are not based on sufficient facts or data, and

17  are not the product of the reliable application of reliable principles and methods to the

18  facts of the case. Plaintiff has filed a motion in limine on this issue.

### 6.    Purported expert testimony of David Drews

20  Plaintiff's counsel believes Defendant intends to offer David Drews as an expert

21  witness. According to his written report, Mr. Drews intends to offer opinions as to

22  whether Plaintiff lost any profits, and whether Defendant's profits from selling product

23  with the lightning bolt mark are attributable to the infringement. The first opinion is

24  irrelevant as Plaintiff is not seeking a monetary award for actual damages. The second

25  opinion is not admissible on the grounds that Mr. Drews is not qualified to provide such

26  an opinion, and also because his opinion is not based on sufficient facts or data, and is

27  not the product of the reliable application of reliable principles and methods to the facts

28  of the case. Mr. Drews' opinions regarding the harm Aviator Nation allegedly suffered

due to delay in filing suit are likewise inadmissible. Furthermore, Mr. Drews' testimony is not relevant to any issues to be presented to the jury. Mr. Drews's proposed testimony would only be relevant to the bench trial on equitable issues.

Because it has already filed five motions in limine, Plaintiff cannot file a motion in limine to preclude Mr. Drews from testifying as an expert without prior leave of court. With the Court's leave, Plaintiff would file a motion in limine on this issue.

## I.     Issues of Law

Plaintiff anticipates the following issues of law, and sets forth its position on each issue below.

> **1.     Whether Plaintiff is entitled to judgment as a matter of law on Defendant's affirmative defenses/counterclaims for invalidity of the trademark (registration obtained by fraud, merely ornamental/not distinctive, abandonment) and unclean hands/trademark misuse**

Plaintiff anticipates moving for judgment as a matter of law on several of Defendants' affirmative defenses/counterclaims after Defendants rest their case at trial. Defendants' claims that the registration was obtained by fraud, and that the trademark was abandoned must be proved by clear and convincing evidence. Similarly, Defendants' claim that Plaintiff has unclean hands and/or engaged in trademark misuse must also be proved by clear and convincing evidence. The evidence Plaintiff has disclosed in the course of this action falls far short of satisfying these high burdens. Indeed, given the evidence Defendants have disclosed no reasonable jury could find in Defendants' favor on the legal defenses (fraud and abandonment), and the Court could not find in Defendants' favor on the equitable defense (unclean hands/trademark misuse). Similarly, no reasonable jury could find for Defendants on their claim that the lightning bolt mark is not a valid trademark because it is merely ornamental or otherwise not distinctive.

CALL &
JENSEN

2.     **The correct standard of proof on Defendants' affirmative defense of abandonment**

The parties disagree on the appropriate burden of proof for the defense of abandonment. The rule in the Ninth Circuit is that abandonment must be "strictly proved." *Prudential Ins. Co. v. America v. Gibraltar Fin. Corp. of Cal.*, 694 F.2d 1150, 1156 (9th Cir. 1982). The Ninth Circuit has not definitively stated whether the requirement for "strict proof" is equivalent to a clear and convincing standard, or whether it requires only a preponderance of evidence. *Compare Grocery Outlet Inc. v. Albertson's Inc.*, 497 F.3d 949, 952 (9th Cir. 2007) (Wallace, S.C.J., concurring) (clear and convincing evidence), *with id.* At 954-54 (McKeown, C.J., concurring) (preponderance of evidence). However, "[t]he majority of courts have interpreted the 'strictly proved' rule to mean that evidence of the elements of abandonment must be clear and convincing." 3 McCarthy on Trademarks and Unfair Competition § 17:12 (5th ed.). Furthermore, Judge Wallace's concurrence in *Grocery Outlet* is much more persuasive than Judge McKeown's. This Court should follow the majority rule, and instruct the jury that abandonment must be proved by clear and convincing evidence.

## II.     BIFURCATION OF ISSUES [L.R. 16-4.3]

Plaintiff requests the Court bifurcate issues for which the parties have a right to trial by jury from equitable issues. The issues to be tried to the jury include (1) whether Defendants are liable for trademark infringement/unfair competition under federal and state law, (2) whether Defendants' infringement was willful, (3) whether Defendants are guilty of malice, oppression, or fraud, and (4) the amount of punitive damages to be awarded, if any. The jury phase of the trial would include Defendants' affirmative defenses and counterclaims challenging the validity of the mark (i.e., fraud, abandonment, priority, distinctiveness).

Issues that may be presented only to the Court include (1) the amount of Defendants' profits from the sale of products bearing the mark at issue in the case, (2) whether Defendants should be required to pay Plaintiff some or all of Defendants'

profits, (3) whether Defendants should be permanently enjoined, and (4) the terms of such an injunction. The equitable phase of the trial would also address Defendants' equitable defenses of laches, acquiescence, and unclean hands/trademark misuse.

### III.   JURY TRIAL [L.R. 16-4.4]

Some—but not all—of the issues presented in this action are triable to a jury as a matter of right, and all parties have made timely demands for jury trial on such issues. The following issues are triable to a jury:

- Whether Defendants infringed Plaintiff's trademark;
- Whether Defendants' infringement was committed willfully;
- Whether Defendants are guilty of oppression, malice, or fraud, so as to justify an award of punitive damages. *Rowe v. Superior Court*, 15 Cal. App. 4th 1711, 1719, 19 Cal. Rptr. 2d 625, 629 (1993) ("There is no question or dispute in this case that the claims asserted by Rowe, including the claim for punitive damages, are of the type to which the jury trial right attaches.)
- Whether Defendants have shown by clear and convincing evidence that the registration was obtained by fraud;
- Whether Defendants have shown by clear and convincing evidence that the trademark was abandoned;
- Whether Defendants have shown that they have priority of use for the trademark;
- Whether Defendants have shown that the trademark is not distinctive.

The following issues are triable to the Court:

- Whether Plaintiff is entitled to a permanent injunction, *see Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015) (no right to jury trial for equitable remedy);
- The amount of Defendants' profits, and whether Plaintiff is entitled to disgorgement of some or all of the profits resulting from the infringement,

see *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1076 (9th Cir. 2015) ("[T]he determination of profits under § 1117 is not 'fundamental, ... inherent in and of the essence of the system of trial by jury.'");

- The affirmative defenses of laches, acquiescence, and unclean hands, *see Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1027 (9th Cir. 1996) ("A litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature.").

## IV.   ATTORNEYS' FEES [L.R. 16-4.5]

Plaintiff intends to seek attorney's fees under 15 U.S.C. § 1117(a) on the grounds that Defendants' willful infringement makes this an exceptional case.

## V.   ABANDONMENT OF ISSUES

Plaintiff's original complaint included allegations of counterfeiting, and requests for statutory remedies in connection with counterfeiting. The original complaint also included a claim for actual damages. Plaintiff is abandoning those issues.

Dated: March 18, 2019

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
Samuel G. Brooks

By:   */s/ Samuel G. Brooks*
Samuel G. Brooks

Attorneys for Plaintiff ILC TRADEMARK CORPORATION